The court will now call case number 120105 Christine Grimm v. Richard Calica The court is ready to proceed. Good morning. May it please the court, Assistant Attorney General Ann Mascaleras for the Director of the Department of Children and Family Services. Under this court's decision in Carver, procedural due process does not require the opportunity for judicial review of a final administrative decision, or that a final administrative decision inform the parties either of the statutory availability of judicial review or the jurisdictional deadline to file a complaint for administrative review. That is because procedural due process does not come into play. It is not implicated regarding information as to the availability of judicial review of a final administrative decision. From Carver, then, procedural due process does not require a final administrative decision to inform the parties of the decision's mailing date or service date. May I stop you there and discuss the issue of forfeiture? As you begin here, your reliance is squarely on the Carver case. Certainly it's all through your briefing. Your opponent points out that never before until briefing was the Carver case raised. Not raised in the trial court, not raised in the appellate court, not raised in the petition for leave to appeal. Sounds like a classic case of forfeiture. Why is this issue not forfeited, or this argument not forfeited? The argument is timely and preserved and properly before the court. The procedural due process issue was raised by Grimm at each level in order to evade the jurisdictional time period for filing a complaint for administrative review. Procedural due process was an issue in the circuit court and the appellate court, and in response to the appellate court's decision, the director contended in the PLA that nothing, not even procedural due process, required a decision to state the service date. And yet the Carver case, the specific case that is the keystone of your case, has never been mentioned before. Yes, the issue of procedural due process has been the key issue throughout the development of this case, but the specific argument you're making here has never before been raised. Isn't that true? We took a step back before this court, and we have merely elaborated on the arguments made regarding the procedural due process issue. Even so, this is a purely legal question, completely briefed by the parties, the resolution of which will help this court maintain a sound and uniform body of precedent. So we should relax the forfeiture rule to address this issue, or address this argument? This court has addressed arguments that in order to maintain a sound body of precedent that have been briefed, completely briefed, and which involve only a question of law. From Carver, then, procedural due process does not require a final administrative decision to inform the parties of the decision's mailing date or service date. That is, the only reason a party would need to know the mailing date or service date is to seek judicial review. But because Carver says procedural due process does not require information at all about judicial review or the jurisdictional deadline, then it can't require notification about dates that only relate to the opportunity to seek judicial review and that deadline. Can I ask a second question about Carver itself? The Carver decision, this court first looked to see if there was a statutory requirement to give notice, and found that there it was a discipline issue in a Sheriff's Merit Commission. The commission was not bound by the Administrative Review Act, and so therefore the statute did not require notice. Here, we have an agency that clearly is under the Administrative Review Act, and the ARA specifically requires that the person be given notice that, in fact, that the Administrative Review Act does apply. So here, the statute is very different from where the case was in the Carver case. Does that make a difference? No. Those are two separate questions, Your Honor. Correctly, the Administrative Procedure Act requires an agency to give notice that a decision is final, a final administrative decision, and that review may be sought under the Administrative Review Law, and the notice here did that. A separate requirement is what does procedural due process require or not require, and that's the second part of the Carver decision, and that's what is at issue here. We've complied with any statutory duty to relay information, but procedural due process as itself is not implicated regarding information as to the availability of judicial review of an administrative decision in the first place. So the next logical step in Carver's progression is that procedural due process does not require a final administrative decision to inform the parties of its mailing date or service date. That is rooted in this Court's precedent. The point is that procedural due process is triggered for administrative proceedings, but not for judicial review of those administrative proceedings or information related to that. This point goes to the appellate court decisions in Bell and Coleman. There, the appellate court narrowly concluded that fair and adequate notice of the final administrative decision means that the decision must completely and accurately convey the merits of the decision and not be misleading as to the merits of the decision. But the content of the decision must be clear and not misleading about its merits, and that ties into the procedural due process required during the administrative proceedings themselves. Once a protected interest is implicated, because a party is entitled to notice of a claim or a charge against her or involving her and an opportunity to be heard on it, then the notice requirement may also encompass the final disposition of the merits of the claim as part of the administrative proceedings themselves. But this is different than time periods that only go to the availability of judicial review of the final administrative decision, which is not constitutionally required in the first place. The mailing date and service date go only to the statutory availability to seek judicial review of the final administrative decision, which isn't tied into receiving procedural due process during the administrative proceedings themselves, like the merits of the decision is. In any event, whether you characterize the context of a notice of a final administrative decision as constitutionally or statutorily mandated, there was no problem with the Director's decision here, and that really is the only issue that this Court needs to decide. First, the mailing date of the notice was clear on its face. At the heading of the notice, the second line printed down states the date, July 30, 2013. It's conspicuously placed beneath words that say CERTIFIED MAIL in all caps, bold and underlined. The mailing date was neither missing from the notice, as the Appellate Court concluded, nor incapable of being discerned, as Grimm contends here. There should have been no confusion on Grimm's part, but even if there was, it was Grimm and her attorneys' independent obligation to follow the progress of the case and confirm the status of the issuance of the decision from the Director. Apart from that, though, because the notice was even just clearly dated, there was at least a presumption, uncontested and unrebutted by Grimm, that the Director's notice of decision, a government-issued notice, was mailed on July 30, 2013. The date on an agency-issued notice is presumed to be its mailing date, even where the notice is not accompanied by additional information on its face, as was the Director's notice here, that it was sent via CERTIFIED MAIL. And finally, the Director proved the July 30 mailing date with evidence, in addition to the contents of the notice itself, including the CERTIFIED MAIL postal receipts and the affidavit of a Department employee confirming the decision was mailed to Grimm's attorney on that date. This Court and the Appellate Court have acknowledged such evidence as proof of a mailing date without expressing any concerns, and there is no reason to change course now and disregard such evidence as the Appellate Court did here. In addition, there was enough information in the notice about the service date. The notice did not have to state a specific service date, either because of a constitutional requirement or a statutory requirement. Considering the facts and the law related to Grimm in the notice, along with the well-established precedent on this point, Grimm was charged with knowing that July 30, 2013, was the service date. The notice communicated a key fact, the July 30 mailing date. The notice also relayed the law on seeking judicial review to Grimm. It alerted her that the administrative review law applied, and it tracked the language of Section 3-103 by stating that she could seek judicial review of the decision, quote, under provisions of the ARL, within 35 days of the date that this decision was served on you. And both the plain language of Section 3-103 and this Court's authority provide that a decision is deemed served when a copy of it is deposited in the mail. Grimm was charged with knowing the law regarding service, that the date of mailing is the date of service. With all of this information in the notice, there was no challenge either in identifying the service date or knowing the law regarding service from either a constitutional or a statutory perspective. The notice did not affirmatively mislead Grimm about its service date. It did not use confusing language. It tracked the language of the statute, and it did not imply that the service date was not the date on the notice, but some other future date, perhaps the date of receipt or review of the notice, or some unknown date. The notice never stated or suggested that the service date was after the mailing date or that service was complete upon receipt or review of it. The notice used the past tense, was served on you, connoting a prior date, the date of mailing on the notice, not a date in the future after the mailing. And again, Grimm was informed and aware of the applicability of the ARL and was charged with knowing that portion of Section 3-103 that says service is complete upon mailing. In fact, Grimm even cited the ARL's provisions in her own complaint for administrative review. If there are no further questions. Do you know how many pending cases there are involving this question? Pending in the Circuit Court for late complaints for administrative review? Yes.  We put some documents in the appendix to that that said I believe there were either four or five cases pending in Circuit Courts within the second appellate district where there was a late complaint for administrative review filed. Were they pending before this issue? No, no. This would have been filed where the Circuit Courts within the second district would have been bound by the Grimm decision issued from the second district. Does that have alerted you that there were problems with the notice? No. I think people can miss a jurisdictional deadline even when a notice was clear as it was here. I don't think that goes to show that our notice wasn't clear, much less wasn't constitutionally sufficient. It was both of those things. It was both sufficient and clear. Thank you. Thank you. We would ask that the appellate court's judgment be reversed and the Circuit Court's judgment vacated. Good morning. May it please the Court. This case is about... Well, you need to identify yourself. I'm sorry, Justice Carmichael. I apologize. Eric Reinhart on behalf of Appellee and his court. Thank you. Sorry about that. This case is about whether or not a governmental agency must provide the most basic notice to a party that has lost its property rights or other interests that is protected by due process. I think there's no doubt, and the Department concedes throughout the briefing, that procedural due process applies in this case. Carver notwithstanding, I think generally speaking, they concede that procedural due process applies due to Ms. Grimm's interests. Could you take a moment and be a little bit more precise about your argument as to where this procedural due process right arises from? Well, yes, of course. With respect to Ms. Grimm and the record in this case, but it would be true for many people facing departmental or agency decisions. Ms. Grimm is a teacher. She was indicated in this case by the Department for corporal punishment of her own child. After a lot of litigation about that within the Department, she was eventually placed on the state central register. As a teacher being placed on the state central register, I think her property interests could not be higher. With respect to procedural due process, I think as this court recognized in Lyon versus DCFS that the stakes are very high for her, particularly as a teacher, and it does affect her livelihood. If I could say so, I think it could have greater impact than perhaps a misdemeanor case for her if she had had a misdemeanor trespassing case or maybe even a DUI. Let me ask you this. Sure. Obviously, we'd be writing rules that would be very broad and affect many people. If one was not a teacher, if one was a stay-at-home mom, where would procedural due process rights arise? I think that with respect to an indicated finding on the state central register, I think that you would be limiting the person's potential livelihood. With respect to the state central register, it's a five-year finding. Without a judicial review of it, if you're a stay-at-home mom, you can't go into it two years later and say, well, wait a minute, now I want to be a daycare provider. Now I want to be a teacher. It's five years. There's no form of judicial review into the five years, and I do think that makes this case different than some of the pension review cases and some of the cases about money. I don't think it makes it analytically different, but I do think that the stakes are very high for people in Ms. Grimm's situation. Mr. Reiner, several times in the complaint you state that the order was issued to plaintiffs on July 30th. Doesn't this suggest that you knew the relevant date was July 30th, but that you simply miscalculated the 35 days? Justice, are you referring to the original complaint? Right. I think that obviously we have to look at what the parties knew sort of as they walked in on sort of days one through 35, essentially. On day 36, when the complaint was filed, I think the references at that point to what's going on, I think are, if I can say so, a bit more colloquial. I don't think there's any doubt that as the attorney filed the complaint on day 36, that that attorney, which was me, knew that things had to get moving to be safe. There's a real distinction here between sort of best practices and what is essentially required by due process. I think we have to distinguish between everybody agrees best practice would be to file it on day 17. Best practice would be to file it as soon as possible. It goes further than that, right? I mean, the complaint indicates that you used the words that the order was issued to plaintiff on July 30th. That's what the complaint says. Well, that's certainly the date on the decision. The phrase issue or the phrase sent or if a phrase was used in the complaint, I mean, I don't know that we have a formal waiver problem, but if a phrase was used in the complaint by way of background, I do think that's different than the phrase service, which we're sort of referring to. And that's another point. I mean, you indicate that the notice was confusing. I mean, it's part of your argument that the notice was confusing, but wasn't a big risk in filing the complaint more than 35 days after July 30th? Wasn't that a big risk if you were confused as to whether that was the date or not? Well, to be clear, the record shows that Ms. Grimm herself, if this matters, this wasn't addressed too much in the briefing with the appellate court, but I'm happy to address it. Ms. Grimm talked about her own confusion, if it's relevant. I'm certainly not leading out with that. That's not in my briefs. But on this point, the affidavit from Ms. Grimm talks about her actual confusion, if it's relevant, talks about how she consulted several attorneys, talked about the date that she actually received the notice. Now, I absolutely understand. We absolutely understand that the attorney is also a good person to receive the notice under the case law. But I do think this is a harsh statute, Justice. This is a precise statute. Section 103 and the 35 jurisdictional deadline, it's precise. It's harsh. It's different than the notice of appeals that we see in criminal law. It's different. As the appellate court pointed out, there's different times that you can seek jurisdiction for a good cause to sort of reinvest a criminal court with jurisdiction. In criminal cases, we have PCP petitions. We have all sorts of protections in criminal law, and that's good. And in this situation, the statute is not unconstitutional. Obviously, Grimm is not challenging Section 103 in any way. But it has to be pointed out in a procedural due process context that this is a harsh statute, that this is a harsh remedy, and that is constitutionally okay. But we do think that the department has to take the most basic step, which is to inform the party of the date of the mail-in. Go ahead. So you seem to be backing away from your constitutional argument of due process. Oh, not at all, Justice. I misspoke there. It is absolutely critical under due process that a party be informed of the mail-in date because it is the start. It is the start of the jurisdictional deadline, the start of the clock. It wouldn't be fair not to tell a party where the race was going to be or what time they had to be at the race. So is your complaint about the rules and the law, or is it about the procedure that the department followed? Yes, thank you, sir. And let me ask another question.  You know, she must be filed within 35 days of receipt of the notice or something like that, or service. Excuse me. That requirement that the department state when they served it isn't part of the rules or the law, is it? No. No, we're not making – this Court doesn't need to reach the constitutionality of any of Section 103 or any of the current laws. But I do – I think from a due process perspective, we do have to point out the harshness of this particular law. But to answer a few of your questions, our problem is that the notice that was sent does not state the date of the mail-in. Doesn't the envelope show that? Yes. So that question – that issue was addressed in the – And whose duty is it to look at the envelope? So the postmark, the problem – respectfully, the problem with that standard is that the postmark is not the date of service under the statute. The statute – and it's okay, but the statute doesn't say the next mailing date. The statute doesn't say the postmark. So if you deposited – and following the statute, and I'm not asking that this Court take any action with respect to the statute, but the statute says that the date of service is the date of deposit, not the date of the postmark. So if you deposited – if you deposited the notice on Saturday at 7 p.m., if you cross the street, if you cross Monroe and go from DCFS over to their box at 6 p.m. on Saturday, the postmark would be Monday. That's not fair. That's not – that's not the most basic notice provisions. And the reason I – the reason Rule 12 comes up, I think – I completely understand that Rule 12, Supreme Court Rule 12, absolutely does not apply because of the – because we're essentially not in the courts, right, but we're starting to get into the courts as we do this, this sort of bridge from the administrative decision to the courts. The reason Rule 12 comes up is only to show, with respect to sort of Matthews v. Eldridge or the E. St. Louis procedural due process balancing, it's relatively easy to state the notice – the date that you mailed something. The notice of – I have to point out, the notice of appeal that was filed in this very case by the department was put into a mailbox on the 30th day, and that's okay. The statute allows that, but the department in this case put in their appropriate Rule 12 notice that it was filed by way of mailing by placing it in a mailbox. That is 100 percent fine, but it didn't happen in this notice. What steps did you take to ascertain what the date of mailing was, if any? The record has no information on that. The original affidavit from Ms. Grimm talks about talking to several attorneys. The record does not – I can't represent you one way or the other. The record has no information. Whose duty would that be from a diligence perspective? If you're confused about when you needed to file the complaint, what's – whose duty is it, and does due diligence require that you take some steps to ascertain the date of mailing, especially when, in fact, several times in your brief you claim that the decision does not contain a mailing date, but it does say right at the top, certified mail July 30th, 2013. So with that as a backdrop and indicating confusion, was there no duty to ascertain? It's hard to – They've said they've given the same notice over 1,300 times. Well, the fact that they keep doing it, it sort of explains why this, of course, consideration of it is important, but not why they should prevail. They keep doing it, but that doesn't mean they should prevail. That just means that this is important and that they keep doing it, even though they were warned about it as early, you know, some time ago. But the diligence question is hard because the application of 103 is a jurisdictional deadline, and so when you are outside of the jurisdictional – there's not a lot of cases, respectfully. There's not a lot of cases analyzing what diligence you have to take within the jurisdictional deadline because it's a very – you know, it's a very precise statute in the sense that you're out of the jurisdictional box. Frankly, the statute doesn't even include what we see in the notice of appeal statutes or rules about sort of for good cause. And the appellate court pointed that out, that you don't have the sort of backstops or protections in other areas, so that I don't even know if the diligence – I think the diligence – there isn't a lot about diligence analysis.  The idea that Ms. Grimm's original attorney, or Ms. Grimm herself, should start making phone calls to DCFS about the date of the mailing, I think practically that's going to be difficult. And I want to – Well, the date of the decision is presumed to be the date of the mailing. Respectfully, I disagree with you on that, I think. The cases that talk – I really want to tease this out. The cases that talk about the presumption of the date of the mailing are about a different type of argument that someone in Ms. Grimm's position is making. So we have these arguments about the jurisdictional deadline, but Ms. Grimm could have and did not litigate when the mailing occurred. Because, in other words, if Grimm could have shown that the mailing, for example, occurred on the next day, then she would have relief. But that didn't happen here. But all of the cases that are about that presumption are in the context of litigating the presumed date. But Ms. Grimm and a party that has lost its property rights shouldn't have – respectfully, shouldn't have to make an assumption or presumption. If there is a presumption, aside from any disagreement on there, and you haven't addressed this, when the date of the decision is accompanied by the words certified mail, if there is a presumption, isn't that presumption even stronger in light of that language? I think that phrase, certified mail, refers to the method by which it's being mailed. Respectfully, I think that – and the appellate court talked about this. It talked about the way that business letters are written. It talked about sort of the assumption that it might be mailed on the next day. Respectfully, I don't think we should be making any assumptions about anything when lawyers throughout this state on a daily basis sign Rule 12 statements about the date that they put it in the mail. And the fact that it said July 30, 2013 is of no consequence. Well, it's not that – it is essentially the date of the authorship. I would read that as the date of the authorship, not the date of the mailing. Or at least there's ambiguity about that. And when it's such a simple step – and I'm bringing up the simple step because we have – when we're analyzing procedural due process, we have to look at the steps that the government can take to, you know, essentially the administrative cost. That date is essentially the date of the authorship. It doesn't say it is the date of the mailing. And I think just as in Bell and Coleman and that line of cases, if you have to apprise a party that essentially that they lost, that they have to take some action, if you have to fairly apprise them that they lost their administrative decision or lost in some way, then you certainly have to apprise them of this deadline. So what – if we agree with you, what's the rule you want us to promulgate? What do you want us to do and what remedy should we provide? Procedural due process requires that an agency notify an aggrieved party, a recipient – that's the phrase I use, recipient. Procedural due process requires an administrative agency to inform the recipient of the date of the mailing, the date that they satisfied Section 103. So if they put date of mailing at the top of the letter in a colon, would that suffice? Yes. I think so. But just putting it on the top of the letter, you say is not enough. I think so. Yeah, I do. I really think that with such a harsh statute and with the interest being so severe, the unanimous appellate court said a business letter is authored on a certain day and could be mailed on another day. That was how the three justices of the appellate court looked at it. And they at least – those individuals were at least of the opinion that there was ambiguity about that. I think that the department is correct today. And I want to get back to Carver because Carver – Grimm is not saying that she has to be apprised of the law. And that's a little bit about what Carver is about. It's certainly about an excluded agency, and it's certainly about whether you have to have that language that you have 35 days to seek judicial review. That's the law. The law is you have 35 days to seek judicial review. This is a fact that the government possesses. This is the only fact. There are two facts that they must tell us, which is that essentially you've lost or that there's been some adverse action, for lack of a better term, under Bell and Coleman, and when your timelines start. I think that that is absolutely required by procedural due process. Carver was commenting that judicial review itself is not required of administrative decisions, and that is true. Your legislature could suspend judicial review of administrative decisions. But insofar as the government – and here I mean the legislature and the agency and the courts together – insofar as the government has decided to act in this space, they must do so in a fair and orderly way. They can retract that space, so to speak, but whatever space the government is operating in, it must be fair and orderly. And if you don't tell people what the mailing date is, then I think that that is unfair to litigants in Ms. Grimm's position who frankly face unbelievable consequences. I have to emphasize that she might have been better off getting a DUI than corporately punishing her own child and eventually winning on the merits of it, winning in the criminal trial court. But we find ourselves here specifically because of this jurisdictional deadline. And so I think it is the most basic requirement that the start date be informed. As Justice Thomas asked about that, or Justice Karameier, the postmark would not be the date because of the way the statute is written. So it is only when the government gives that information over, the date of the deposit, that the recipient could be apprised of that. Just including a copy of the notice of decision, the mailing, be sufficient? Including a copy of the decision and a notice of mailing? Yes. Absolutely. There would have to be a notice of mailing or a statement in the letter. The Carroll case, it says 35 days from the date of this letter. There is language, even in this record, that talks about 60 days of the date of the letter. That is fine in terms of fairness. My only concern with that is the statute talks about the date of deposit, not the date that you elect to put on your letter. So my only concern, I think that that is, of course, fair. My concern would be whether that follows the statute to simply say in your letter, 35 days from the date of this letter, that is fair. But I am not sure if it follows the statute. But I think it would certainly be fair. I think it is only through the notice of mailing that you can comply with the fairness provision as required by procedural due process and the statute. So I think for those reasons, the appellate court's decision should be appealed. Thank you very much. Thank you. Thank you. As plaintiff's counsel himself concedes, there is a difference between best practices and what due process requires, even if the department's communication wasn't as clear as humanly possible. And we think it was quite clear indeed. It certainly didn't violate due process. Brim contends the government must provide basic notice. But to be entitled to procedural due process in the first place, a constitutional right has to be implicated. And likely it was here during the administrative proceedings, which then triggers the applicability of procedural due process during the administrative proceedings. But nothing, not this Court's precedent, not appellate court precedent holds that procedural due process ever comes into play regarding information as to the availability of judicial review of a final administrative decision or the time limits within which to bring that. Could I ask you the same question I asked your opponent about where due process springs from, where it springs? You just said that you agree that there is a right to procedural due process generally in this kind of hearing. The arguments made is that this person, this individual would lose her ability to work, and so there's a property right at stake. Is that the basis for the due process right? Right. So I'll refer the Court to its Lyon case, talking about once a protected interest is implicated, then procedural due process applies during administrative proceedings. And that case was in the context of an indicated finding of a teacher. We talk about, that Court talked about stigma of being placed on the state's central registry, which is what an indicated finding is. And just to be clear, the state's central registry is not available to anyone to look at or anyone to call and get information from. There's statutorily listed people that can get information from it, including a school superintendent, for example, and doing a background check of a teacher. Once a protected interest was implicated, as it likely would have been here under Lyon, then procedural due process applies. Would someone have to make an argument that there's a financial impact of the indicated indication of abuse? You have to tie it to some kind of career jeopardy? Or can someone just say that the stigma generally, marking me as someone who has abused a child, is sufficient to trigger the due process right? I think this Court held in Lyon that stigma alone is not enough. In that case, the teacher at issue had lost her job or his job at that point. The Court held that it's a stigma plus stigma plus the possibility of the loss of present or future employment. And to be clear here, in her affidavit submitted during the circuit court proceedings, Grimm said that she is in fact, or at that time was, teaching. So if you're not a teacher, you don't have a due process right here? Teachers do once they're indicated. It could be a different course depending on a profession. Just trying to get back to core principles. Where do these due process rights arrive? Right. The core principle, right. So once the teacher is indicated and has the stigma plus possible loss of present or future employment, when the indicated finding happens, that's when the procedural due process is triggered. The procedural due process would last through the administrative proceedings, and Grimm was given that here. Counsel also referenced the Matthews balancing tests and talking about what it would take, in his view, to make the notice more clear. But we don't do a Matthews balancing test here. If procedural due process isn't implicated, which this Court has held that it is or not, when you're talking about information relative only to the opportunity to seek judicial review, then you don't have to balance the factors to determine if procedural due process was satisfied. We don't engage in the Matthews analysis here. To be clear, procedural due process does not require notice of the mailing date or the service date of a final administrative decision. That conclusion is rooted in this Court's precedent, and to hold otherwise would be to deviate from precedent. Grimm is wrong when she says that the notice here had to even more explicitly advise of the mailing date and service date than what was on the face of that notice. Nothing, including procedural due process, required any more information than all of that stated on the Director's Notice here. There were no deficiencies in the Director's Notice, and the appellate court incorrectly held that it did not satisfy due process. The appellate court's judgment should be reversed, and the circuit court's judgment should be vacated. Thank you. Thank you. Case Number 120105, Christine Grimm v. Richard Kalika, will be taken under advisement as Agenda Number 11. Ms. Mescaleros and Mr. Reinhart, we thank you for your arguments today. If you're excused, the Marshall Supreme Court stands adjourned.